IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Jack W. Kinney, | : | |
| Plaintiff | : | Civil Action 2:13-cv-01229 |
| v. | : | Judge Marbley |
| Gary C. Mohr, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**Report and Recommendation**

Plaintiff Jack W. Kinney, a state prisoner at Madison Correctional Institution ("MCI"), brings this action alleging defendants have violation his Fourteenth Amendment rights by denying him a meaningful statutorily-based parole eligibility hearing. This matter is before the Magistrate Judge on defendants Gary Mohr, Cynthia Mausser and the State of Ohio's May 13, 2014 motion to dismiss (doc. 19).

<u>Allegations in the Complaint</u>. The complaint alleges that defendants have willfully denied Kinney a meaningful, statutorily-based parole eligibility hearing for inmates 65 years of age and older. The complaint contains the following allegations. Defendants knowingly sent misleading and biased information to state legislators as to why plaintiff was not suitable for review for inmates age 65 and older. Plaintiff does not seek earlier or speedier release.

In July 1973, plaintiff was sentenced for first degree murder, shooting to kill, and shooting to wound. This sentence was to run concurrently to B722443 and to run

consecutively to B722445. Under Ohio law, a prisoner serving a sentence of imprisonment for life for an offense of first degree murder or aggravated murder that was committed prior to October 19, 1981 became eligible for parole consideration after serving fifteen years. In 2011, the Ohio General Assembly passed a law affecting any parole-eligible inmates 65 years and older.

In 1982, plaintiff walked away from honor camp; he was recaptured in 1987. Plaintiff accepted a plea agreement for the "walk away" and was sentenced to six months.

Plaintiff is 69 years old and has served over 36 years on a sentence of sixteen and half years to life with parole eligibility. On April 14, 2010, the Ohio Adult Parole Authority ("OAPA") sent false and biased information to the Ohio Attorney General stating that plaintiff was not suitable for release in his 2007 parole board hearing because plaintiff and his co-defendant raped, sodomized and shot an adult female victim. The OAPA also erroneously stated that plaintiff shot all of his victims in the head as if they were execution-style and that plaintiff admitted that he planned to kill all three victims. The complaint asserts that the OAPA demonstrated bias by using misleading information. Defendants refused to remove or correct the misleading information that was sent to state legislators.

Carl Thomas, one of plaintiff's victims and the brother of plaintiff's wife who died in the shooting, asked the OAPA to release plaintiff in 1999. Plaintiff has completed programs showing his ability and readiness to undertake the responsibilities of bring a productive citizen upon release.

Arguments of the Parties. Defendants argue that Kinney's claim against defendants Gary Mohr, the Director of the Ohio Department of Rehabilitation and Correction ("ODRC") and Cynthia Mausser, the Chairperson of the Ohio Parole Board, should be dismissed because he has failed to perfect timely service of process on defendants. In the alternative, defendant argues that even if plaintiff had served defendants in a timely manner, the allegations in his complaint do not amount to a violation of his civil rights.

According to defendants, plaintiff has no due process right to a parole hearing and therefore no right to an accurate parole record. Defendants argue that prisoners who have no protected interest in parole proceedings have no right to an accurate record. In Ohio, plaintiff has no protected liberty interest in parole.

In response, plaintiff maintains that he has submitted all the forms necessary for service, but papers may have unintentionally misplaced and he hopes his case is not dismissed on this basis.

Plaintiff argues that he is not contesting information in his parole file; rather, he maintains that information was intentionally fabricated in order to mislead the Ohio General Assembly and to justify denying him meaningful parole consideration. He is not seeking to review his parole file. Plaintiff argues that defendants were ordered to review all cases of inmates of 65 years and older, and when false information is used, it is arbitrary and unreasonable to refuse to correct the mistaken information when it has been brought to their attention. Plaintiff maintains that this case is not a typical parole

hearing case where an inmate has no liberty interest in parole eligibility under Ohio law.

Discussion. A plaintiff bringing a § 1983 claim for violation of his right to procedural due process must show that the state deprived him of a constitutionally protected interest in life, liberty, or property without due process of law. *Zinermon v. Burch*, 494 U.S. 113 (1990). Under the Fourteenth Amendment, the state may not interfere with a constitutionally cognizable liberty or property interest without due process of law. *Kentucky Dep't. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). The United States Supreme Court, however, has held that there is no constitutional right of a convicted person to be paroled before the expiration of a valid sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). The Sixth Circuit Court of Appeals held, in *Michael v. Ghee*, 498 F.3d 372, 378 (6th Cir. 2007), that the state of Ohio has created a completely discretionary parole system, and, as a result, an Ohio inmate has no liberty interest in parole eligibility under Ohio law. Where no liberty interest is at stake, a plaintiff is not entitled to due process; however, plaintiff alleges that defendants intentionally fabricated information in his parole file, which may be actionable. *See Jergens v. Ohio Dept. of Rehabilitation and Corrections Adult Parole Authority*, 492 Fed. Appx. 567, 571 at n. 5, 2012 WL 2855669, at *4 (6th Cir. 2012)("Neither this decision nor any binding circuit precedent, however, forecloses the possibility that, in an appropriate case, a parole board's reliance on unconstitutional factors—or even on false information in the parole file—could constitute a due-process violation.")

Section 10 of House Bill 86 states:

> (A) Within ninety days after the effective date of this section, the Department of Rehabilitation and Correction shall thoroughly review the cases of all parole-eligible inmates who are sixty-five years of age or older and who have had a statutory first parole consideration hearing.
>
> (B) Upon completion of the review described in division (A) of this section, the Department shall send a report to the President and Minority Leader of the Senate and to the Speaker and Minority Leader of the House of Representatives that summarizes the findings of its review and that explains why each of those inmates has not been paroled or otherwise released from custody of the Department.
>
> (C) Upon completion of the review described in division (A) of this section, the Chair of the Parole Board shall present to the Board the cases of the inmates described in that division. Upon presentation of the case of an inmate, the Board, by majority vote, may choose to rehear the inmate's case for possible release on parole.

*See* Ohio Rev. Code § 5120.01, 2011 H 86, § 10, eff. 9-30-11. Defendants maintain that because this provision still permits complete discretion to Parole Board, plaintiff has no liberty interest. This mischaracterizes plaintiff's claim. Plaintiff is not asserting a right to parole. Rather, he maintains that the intentional falsification of his parole file constitutes a due process violation. The Sixth Circuit has indicated that this type of claim might be actionable. Consequently, the Magistrate Judge RECOMMENDS that defendants Gary Mohr, Cynthia Mausser and the State of Ohio's May 13, 2014 motion to dismiss (doc. 19) be DENIED.

The docket indicates that plaintiff has not submitted completed summons forms for service. The Clerk of Court is DIRECTED to mail summons forms to plaintiff. Plaintiff is DIRECTED to complete the summons forms and return them to the Clerk of

Court for service. Plaintiff must serve defendants within sixty (60) days of the date of this Report and Recommendation.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

                                                s/Mark R. Abel  
                                                United States Magistrate Judge