IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JACK W. KINNEY, : | |
| : | Case No. 2:13-CV-1229 |
| **Plaintiff,** : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Abel |
| GARY C. MOHR, *et al.*, : | |
| : | |
| **Defendants.** : | |

**OPINION & ORDER**

This matter is before the Court on Defendants' Objection (Doc. 34) to the Magistrate Judge's July 18, 2014 **Report and Recommendation** (Doc. 30), recommending that the Court deny Defendants' Motion to Dismiss. Upon independent review by the Court, and for the reasons set forth below, Defendants' Objections are hereby **OVERRULED** and the Court adopts the Magistrate Judge's **Report and Recommendation**.

**I.    BACKGROUND**

Plaintiff Jack W. Kinney is a state prisoner at Madison Correctional Institute ("MCI"); he alleges Defendants violated his Fourteenth Amendment rights when they denied him a meaningful statutorily-based parole eligibility hearing. He has brought a claim under 42 U.S.C. §1983, which guarantees that "every person who, under color of any statute . . . of any state subjects . . . , or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. §1983 (2006). This matter is before the Court on Defendants' Gary Mohr, Cynthia Mausser, and the State of Ohio's Motion to Dismiss (Doc. 19).

The complaint alleges that Defendants willfully denied Plaintiff a meaningful, statutorily-based parole eligibility hearing for inmates aged sixty-five and older, as required by House Bill

1

86 § 10. *See* (Doc. 1 at 2); 2011 H 86, § 10, eff. 9-30-11. Plaintiff alleges that Defendants knowingly sent false and biased information to the legislature in a report explaining why Plaintiff was not suitable for parole review under House Bill 86 § 10. *See* (Doc. 1 at 3-5). This report is hereinafter referred to as "HB 86 Report."

In 2011, the Ohio legislature passed Section 10 of House Bill 86, a law affecting any parole-eligible inmates 65 years and older. *See* 2011 H 86, § 10, eff. 9-30-11. Section 10 of House Bill 86 states that "the Department of Rehabilitation and Correction ["DRC"] shall *thoroughly review* the cases of all parole-eligible inmates who are sixty-five years of age or older and who have had a statutory parole consideration hearing." 2011 H 86, § 10, eff. 9-30-11 (emphasis added). Upon completion of this review, the DRC is required to send a report to the Ohio General Assembly summarizing the findings of its review and explaining why each of those inmates has not been paroled or otherwise released from custody. *See Id.* In addition, the Chair of the Parole Board is required to present to the Board the cases of these inmates. *Id.* Upon presentation of the case of an inmate, "the Board, by majority vote, *may* choose to rehear the inmate's case for possible release on parole." *Id.* (emphasis added).

In July 1973, Plaintiff was sentenced for first degree murder, shooting to kill, and shooting to wound. Plaintiff is 69-years-old and has served more than 36 years on a sentence of sixteen and a half years to life, with parole eligibility. Under Ohio law, an inmate convicted of first degree murder or aggravated murder that was committed prior to October 19, 1981 who is serving a sentence of life imprisonment became eligible for parole consideration after serving fifteen years. *See* OHIO REV. CODE ANN. §§ 2967.193, 5145.11 (West 2015). Therefore, Plaintiff is over the age of 65 and has received his first statutory parole hearing, putting him within the parameters of HB 86 § 10.

2

The complaint alleges that the following information in the HB 86 Report was incorrect, that Defendants knew the information was false, and, yet, they refused to remove or correct the information that was sent to state legislators. Defendants do not contest Plaintiff's assertion that on April 14, 2010, The Ohio Adult Parole Authority ("OAPA") sent false and biased information to the Ohio Attorney General in Plaintiff's HB 86 Report. The Report falsely stated that Plaintiff was denied release in his 2007 parole board hearing because Plaintiff raped, sodomized and shot a female victim. *See* (Doc. 1 at 4-5). Also, the Report falsely stated the Plaintiff premeditated killing three victims. (Doc. 1 at 4). In addition, the Report falsely stated the Plaintiff shot all victims in the head. *Id.* at 5. The autopsy report and transcript of interrogation support Plaintiff's contention that the three victims were not shot in the head execution-style as suggested by the HB 86 Report. *See Id*.

Defendants argue that Plaintiff's claim should be dismissed for failure to state a claim. (Doc. 34). Additionally, Defendants state that Plaintiff has no due process right to a parole hearing and therefore no right to an accurate parole record. *Id.* In their objection, Defendants recognize that *Jergens v. Ohio Dep't of Rehab. & Corr. Adult Parole Auth.* found that an inmate could have a due process claim where parole is denied based on false information in the parole file, but Defendants argue that this is not such a case. *See* 492 F. App'x 567, 571 n.5 (6th Cir. 2012); *see also* (Doc. 34 at 3). Defendants urge this Court to find *Jergens* distinguishable from this case because in *Jergens* the false information was provided to the Parole Board, and in this case Defendant DRC provided the false information to the Ohio General Assembly. *See* (Doc. 34 at 4). In addition, Defendants advocate that House Bill 86 only suggests that the Parole Board *may* choose to re-hear inmate cases; from this, Defendants conclude that there is no obligation for the Parole Board to consider any inmate for parole and no attendant due process right for

3

Plaintiff. In sum, Defendants advocate that House Bill 86 does not mandate the Parole Board to consider inmates for parole release, and they find the legislation's use of the word "may" does not create an obligation to rehear any of the inmates' cases. *See* (Doc. 34 at 4).

Plaintiff argues that information was intentionally fabricated in order to mislead the Ohio General Assembly and justify denying him meaningful parole consideration. (Doc. 30 at 3). Plaintiff asserts that Defendants were required to review all cases of inmates falling within the dictates of HB 86 § 10 (65 years of age or older and had statutory first parole consideration hearing), and when false information is used in the review, it is arbitrary and unreasonable to refuse to correct that information when brought to their attention. *Id.*

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows for a case to be dismissed for "failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). " Such a motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). Thus, the Court must construe the complaint in the light most favorable to the non-moving party, meaning the Court must presume that all factual allegations in the complaint are true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Although liberal, Rule 12(b)(6) requires more than bare assertions of legal conclusions.  *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted).

Generally, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But the complaint must "'give the

4

defendant fair notice of what the claim is, and the grounds upon which it rests.'" *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). In short, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

### III.   ANALYSIS

In order to prevail on a § 1983 claim for violation of procedural due process under the Fourteenth Amendment, a claimant must show that the state deprived him of a constitutionally protected interest in life, liberty, or property without due process of law. *See Sinermon v. Burch*, 494 U.S. 113 (1990). A two-step inquiry is required in the procedural due process analysis. The court must determine:  (1) whether there is a protected liberty or property interest; and, (2) if so, what procedures are required. *Mathews v. Eldridge*, 424 U.S. 319 (1976).

Under the Fourteenth Amendment, the state may not interfere with a constitutional liberty or property interest without due process of law. *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). Since Ohio has a discretionary parole system, there is no attendant due process right in the grant of parole, and the state's statutory and regulatory guidelines for parole, without more, do not change this calculus. *See Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7-12 (1979) (There is no constitutional right to be paroled before the expiration of a valid sentence. If a state adopts a parole system, the existence of a liberty interest in parole release is entirely dependent on state law.); *Ky. Dep't of Corr. v. Thompson,* 490 U.S. 454, 464-65 (1989) (If a state statute vests complete discretion to the parole board to determine eligibility for parole, no liberty interest exists.); *Micahel v. Ghee*, 498 F.3d 372, 378 (6th Cir. 2007); *see also Jergens v. State Dep't of Rehab. & Corr. Adult Parole Auth.*, 492 F. App'x 567, 570 (6th

5

Cir. 2012) (Ohio has a discretionary parole system, so an Ohio inmate has no liberty interest in parole.);

While it is indisputable that an inmate has no liberty interest in parole insofar as the state parole system is entirely discretionary, the Ohio Supreme Court has held that inmates do have a right to accurate parole records, requiring that parole decisions not be made in reliance on information that the Parole Board knows to be inaccurate or has reason to know is inaccurate. *See State ex rel. Keith v. Ohio Adult Parole Auth.*, 141 Ohio St.3d 375, 380 (2014) (The discretion given to the parole board "must yield to statutory or regulatory requirements. Therefore . . . in any parole determination involving indeterminate sentencing, the OAPA may not rely on information that it knows or has reason to know is inaccurate."). Thus, in essence, the Ohio Supreme Court has determined that the Adult Parole Authority does not have complete discretion because it does not have discretion to rely upon falsified parole records, or refuse to investigate an inmate's allegations of substantive errors in the parole record. Accordingly, this Court finds that knowing reliance on false information in a parolee's file, which the Parole Authority has no discretion to do under state law, can constitute a due process violation. *See id.*; *see also* R.C. § 2967.03.

The Sixth Circuit case *Jergens v. State of Dep't of Rehab. & Corr. Adult Parole Auth.* supports this holding. 492 F. App'x 567, 570 (6th Cir. 2012). In *Jergens,* the Sixth Circuit found that while the existence of state-mandated procedural requirements in a parole board's review of an parolee's file does not, in and of itself, create a protected liberty interest, "[n]either this decision nor any binding circuit precedent, however, forecloses the possibility that, in an appropriate case, a parole board's reliance on unconstitutional factors – or even o*n false information in the parole file* – could constitute a due-process violation"). *Jergens*, 492 Fed.

6

Appx. 567, 571 at n. 5 (emphasis added). Unlike the defendant in *Jergens*, who cited to nonspecific errors in his parole file, Kinney states specific allegations of fact – verifiable errors brought to the attention of the Parole Board which were not corrected. *See id.* ("Jergens's nonspecific allegations of falsity simply fail to make out such a claim."). Therefore, Plaintiff's case is precisely the "appropriate case" presupposed under *Jergens* where a parole board's "false information in the parole file" could "constitute a due-process violation."

*Jergens* is not the first time the Sixth Circuit left the door open for procedural due process claims where there are inaccuracies in a parole record, or reason to believe inaccuracies exist. In *Crouse v. Rothgerber*, an inmate was denied parole based on an inaccurate parole file. 791 F.2d 932 (6th Cir. 1986). However, the inaccuracies were brought to the attention of the parole board, and they properly reevaluated the inmate's case based on the corrected information. *Id.* The Court, therefore, assumed that any procedural rights that may have been denied were vindicated when the inmate received adequate reconsideration "of the Board's error to satisfy due process." *Id.* "In short, it appears that the Kentucky authorities adequately remedied any assumed deprivation of procedural due process," by reevaluating his case. *Id.*

Defendants also argue that the Plaintiff's case is not the type of case contemplated by the Sixth Circuit in *Jergens* because Plaintiff does not allege that the Parole Board relied on false information; instead, he alleges that the Defendant ODRC provided false information to the Ohio General Assembly. (Doc. 34 at 4). This is a distinction without a difference. The information in the HB 86 Report provided to the General Assembly explains the reasons why Plaintiff was denied parole, and it contains objectively inaccurate information. For example, it is easily gleaned from looking at objective evidence in the record, such as the autopsy report, that the three victims were not shot in the head as stated in the HB 86 Report.

Viewing the facts in the light most favorable to the Plaintiff, Defendants knew the information in Plaintiff's HB 86 Report was incorrect, and/or had a mechanism to verify the alleged inaccuracies, and failed to investigate the inaccuracies and/or correct them. Under *Keith v. Ohio*, the Parole Authority did not have discretion to rely upon falsified parole records. Thus, viewing the facts in the light most favorable to the Plaintiff, he was deprived of his Fourteenth Amendment right Due Process right to a correct parole record as contemplated in footnote 5 of *Jergens.*

### IV. CONCLUSION

For these reasons, Defendants' Objections are hereby **OVERRULED**.  The Court adopts the Magistrate Judge's **Report and Recommendation**.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  March 16, 2015**