IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jack W. Kinney,                :

    Plaintiff,            :

  v.                           :      Case No. 2:13-cv-1229

                                      :      JUDGE ALGENON L. MARBLEY
Gary C. Mohr, et al.                  Magistrate Judge Kemp
                                      :

    Defendants.           :

                                      :

REPORT AND RECOMMENDATION AND ORDER

This prisoner civil rights case is currently before the Court to consider the defendants' motion for judgment on the pleadings. Plaintiff Jack W. Kinney has filed a response and a motion to strike Exhibit A attached to defendants' answer to the amended complaint. Both motions are ripe for decision. For the following reasons, the Court will recommend that the motion for judgment on the pleadings be denied. Further, the Court will grant the motion to strike.

I.   Background

At the time Mr. Kinney filed this action he was an inmate at the Madison Correctional Institution (MCI). In granting Mr. Kinney leave to file a second amended complaint, the Court set forth the following relevant factual background:

> [Mr. McKinney] brought this lawsuit pursuant to 42 U.S.C. §1983 alleging that the defendants violated his Fourteenth Amendment rights when they willfully denied him a meaningful statutorily mandated parole eligibility hearing. Ohio House Bill 86 §10 came into effect on September 30, 2011, which directed the Ohio Department of Rehabilitation and Corrections ("ODRC")

to "thoroughly review the cases of all parole-eligible inmates who are sixty-five years of age and older and who have had a statutory first parole consideration hearing." The group of inmates whose cases were to be reviewed included Mr. Kinney. The statute required the ODRC to submit to the General Assembly a report on the circumstances of each of the qualifying prisoners. Mr. Kinney was subsequently given a parole hearing on April 23, 2012, and parole was denied. Sometime after the hearing Mr. Kinney learned that the report relied upon by the parole board contained false information about his conviction. Specifically, the report claimed that Mr. Kinney "entered the home of the male victim and his wife; he shot both victims in the head, then turned on his wife and shot her in the head." The report falsely stated that Mr. Kinney was denied release in his 2007 parole hearing because he had raped, sodomized and shot a female victim. It further added that Mr. Kinney had "admitted that he planned to kill all three victims." In actuality, Mr. Kinney shot one person in the leg, another in the chin, and his wife in the shoulder, and there was no evidence or admission of premeditation.

On December 11, 2013, Mr. Kinney filed this action pro se (Doc. 1), and on April 3, 2014, he filed a document which the Court deemed to be an amended complaint. (Doc. 18). He argues that information was intentionally fabricated in order to mislead the Ohio General Assembly and justify denying him meaningful parole consideration. In the concluding paragraph of the amended complaint Mr. Kinney requested that he receive a new parole hearing and a corrected record, as well as costs. Id. at 15. On July 9, 2015, Mr. Kinney's second request for court appointed counsel was granted. (Doc. 57). Mr. Kinney was ultimately granted parole by the full Parole Board on November 19, 2015, on the condition that he complete a year-long reintegration program.

See Order (Doc. 74), pp. 1-2.

The second amended complaint, filed with the assistance of counsel, leaves these factual allegations unchanged. Instead, rather than seek a new parole hearing, Mr. Kinney's prayer for relief seeks his immediate release from prison, monetary damages, attorney fees and costs. Shortly after Mr. Kinney filed his second amended complaint, he was released from prison in December, 2016. He is currently on parole.

Defendants answered the second amended complaint on October 11, 2016. Exhibit A to the answer is a copy of the parole board's decision in Mr. Kinney's case dated April 23, 2012. At the same time, Defendants filed a motion for judgment on the pleadings. Defendants rely on the parole board decision in their motion for judgment on the pleadings. Mr. Kinney moved to strike Exhibit A. Alternatively, in responding to the motion for judgment on the pleadings, Mr. Kinney asked that the motion be converted to a motion for summary judgment if the Court considers the exhibit. The Court will turn first to the issues raised by the motion to strike.

## II. Motion to Strike

Mr. Kinney advances several reasons in support of his motion to strike. First, he explains that he did not attach the 2012 parole board decision to, nor refer to it in, his second amended complaint. Additionally, he asserts that he has not been permitted to take depositions to address the accuracy of this unsigned document. Finally, Mr. Kinney argues that this exhibit does not resolve the central issue of his claim.

Defendants, in their motion for judgment on the pleadings, assert that it is appropriate for the Court to consider the information contained in the exhibit at the pleading stage. They make two arguments as to why this is so. First, they suggest that under Rule 10(c) it is proper for the Court to consider any written instruments attached as an exhibit to a

pleading.  Further, they argue that, although generally, a court may not consider matters outside the pleadings when ruling on a motion to dismiss (and, by extension a motion for judgment on the pleadings), the Court should consider the Ohio Parole Board decision because Mr. Kinney specifically referred to it in his second amended complaint at Paragraphs 2, 25-26, 30, 32-34 and 36.

To the extent that defendants suggest that Rule 10(c) is applicable here, the unauthenticated Ohio Parole Board Decision is not a "written instrument" as contemplated by that Rule. Rather, as explained by the court in Copeland v. Aerisyn, LLC, 2011 WL 2181497, *1 (E.D. Tenn. June 3, 2011):

> An "instrument" is defined by Black's Law Dictionary (9th ed. 2009) as "[a] written legal document that defines rights, duties, entitlements, or liabilities, such as a contract, will, promissory note, or share certificate." As discussed in Rose v. Bartle, 871 F.2d 331, 334 n.3 (3d Cir. 1989), types of exhibits ordinarily incorporated within the pleadings under Fed.R.Civ.P. 10(c), generally include contracts, notes, and other "writing[s] on which [a party's] action or defense is based." See also DeMarco v. DepoTech Corp., 149 F. Supp. 2d 1212,1219 (S.D. Cal. 2001) (defining "written instrument" to include examples "such as a deed, will, bond, lease, insurance policy or security agreement") (citations omitted); Benzone v. Morgan Stanley, No. 3:03-0159, 2004 WL 62747 at *2 (M.D. Tenn. Jan. 8, 2004).'

In that case, the court concluded that deposition testimony and notes from witnesses "would be considered evidentiary support and their inclusion at the initial pleading stage procedurally 'blurs the distinction between summary judgment and dismissal for failure to state a claim upon which relief could be granted' aspects of litigation."  Id., quoting Rose, 871 F.2d at 340 n. 3.  Other courts have also held that the term "written instruments" generally includes "documents evidencing legal

- 4 -

right or duties such as deeds, wills, bonds, leases, insurance policies or security agreements." Correction Officers Benevolent Ass'n of Rockland County v. Kralik, 226 F.R.D. 175, 176 (S.D.N.Y. 2005) (letters not written instruments for purposes of Rule 10(c)).

Defendants do not cite to any authority for their suggestion that an Ohio Parole Board decision falls within the definition of "written instrument" as that term is typically understood. To the extent that they cite any authority at all, the cases merely reinforce that an answer is a pleading, making the language of Rule 10(c) applicable. For example, in Hines v. G. Reynolds Sims & Assoc., 2013 WL 1774938 (E.D. Mich. Apr. 25, 2013), the court, in considering a motion for judgment on the pleadings, noted that an answer was a pleading and concluding that a release signed by the plaintiff and attached to that answer was required to be considered as "'part of the pleadings for all purposes.' Fed.R.Civ.P. 10(c).'" Similarly, in Menifee v. Rexam, Inc., 2005 WL 2230257 (N.D. Ohio Sept. 13, 2005), the court, ruling on a motion for judgment on the pleadings in an ERISA action, found medical evaluations appended to an answer to be proper for consideration when the plaintiff had referred to his application for benefits in his complaint and those documents were part of that application.

With respect to defendants' remaining argument, the Court of Appeals has recognized that in considering a motion to dismiss, courts "'primarily consider the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and *exhibits attached to the complaint*, also may be taken into account.'" Amini v. Oberlin College, 259 F.3d 493, 502 (6th Cir. 2001), quoting Nieman v. NLO, Inc., 108 F.3d 1546, 1554 (6th Cir. 1997). Additionally, the Court of Appeals has held that "'documents

that a defendant attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" Id., quoting Weiner v. Klais & Co., 108 F.3d 86, 89 (6th Cir. 1997).

In short, the Court does not find defendants' argument persuasive. As Mr. Kinney notes, the Parole Board decision is not specifically referred to in the second amended complaint. As a result, even if the information contained in this unauthenticated document arguably relates to Mr. Kinney's claims, that is not enough to permit its consideration at this stage of the case. The Court will therefore not consider the parole board decision in connection with the motion for judgment on the pleadings. Consequently, the Court will grant the motion to strike.

### III. The Motion for Judgment on the Pleadings

Turning to the motion for judgment on the pleadings, Defendants raise two issues. First, they contend that Mr. Kinney's claim regarding his immediate release from incarceration is moot because he already has been released. In response, Mr. Kinney notes that he no longer seeks an order of release from the Court. Consequently, the Court will not address this issue.

The second issue Defendants raise is that Mr. Kinney has not stated a Due Process claim because the parole board did not rely on incorrect information in denying Mr. Kinney's parole in 2012. In response, Mr. Kinney contends that the Court already has determined that he has alleged a violation of his due process rights sufficient to survive the initial pleading stage.

### A. Legal Standard

A motion for judgment on the pleadings filed under Fed. R. Civ. P. 12(c) attacks the sufficiency of the pleadings and is evaluated under the same standard as a motion to dismiss.

Amersbach v. City of Cleveland, 598 F.2d 1033, 1038 (6th Cir. 1979). In ruling upon such motion, the Court must accept as true all well-pleaded material allegations of the pleadings of the opposing party, and the motion may be granted only if the moving party is clearly entitled to judgment. Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 479 F.2d 478, 480 (6th Cir. 1973). The same rules which apply to judging the sufficiency of the pleadings apply to a Rule 12(c) motion as to a motion filed under Rule 12(b)(6); that is, the Court must separate factual allegations from legal conclusions, and may consider as true only those factual allegations which meet a threshold test for plausibility. See, e.g., Tucker v. Middleburg-Legacy Place, 539 F.3d 545 (6th Cir. 2008), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

However, a court "need not accept as true legal conclusions or unwarranted factual inferences." JPMorgan Chase Bank, N.A. v. Winget, 510 F.3d 577, 581 (6th Cir. 2007) (internal citations omitted). A court should grant a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) only if "no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." Id. at 582 (internal citations omitted). To survive a motion for judgment on the pleadings, a plaintiff's complaint "must contain direct or inferential allegations respecting all the material elements under some viable legal theory." McGath v. Hamilton Local School Dist., 2012 WL 262336, at *3 (S.D. Ohio Jan.30, 2012) (internal citations omitted). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." Fritz v. Charter Tp. of Comstock, 592

F.3d 718, 722 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)).

B. Discussion

As Mr. Kinney notes, the issues raised by the defendants' current motion previously have been addressed at some length by the Court. Specifically, the Court addressed these issues in both a Report and Recommendation issued July 18, 2014 (Doc. 30) recommending the denial of defendants' motion to dismiss and the Opinion and Order issued on March 16, 2015 (Doc. 46), adopting and affirming that Report and Recommendation. Most recently, the Court addressed these issues in granting Mr. Kinney leave to file a second amended complaint (Doc. 74). As the Court consistently has explained, if it is found that the Parole Board relied on false information in denying Mr. Kinney's parole, this could constitute a due process violation.

The same test of the sufficiency of Mr. Kinney's complaint applies in the context of Defendants' motion for judgment on the pleadings. To the extent Defendants rely on the Ohio Parole Board decision attached as an exhibit to their answer as a basis for distinguishing their current motion, as set forth above, that exhibit has been stricken. Consequently, for the same reasons set forth by the Court in its earlier rulings, the Court will recommend that defendants' motions for judgment on the pleadings be denied.

IV. Recommendation and Order

For the reasons stated above, the Court recommends that the motion for judgment on the pleadings (Doc. 78) be denied. The motion to strike (Doc. 79) is granted. The Clerk is directed to

strike Exhibit A attached to defendants' answer to the second amended complaint (Doc. 77-1).

## OBJECTIONS TO REPORT AND RECOMMENDATION

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

## MOTION FOR RECONSIDERATION OF ORDER

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. § 636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections

are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge